STATE OF CONNECTICUT *v.* JOSEPH MATTIOLI
(13501)

PETERS, C. J., SHEA, GLASS, COVELLO and HULL, Js.

Argued February 7—decision released April 4, 1989

*Norton P. Feinstein,* with whom was *Lionel A. DeSilva,* for the appellant (defendant).

*John O'Meara,* deputy assistant state's attorney, with whom, on the brief, were *Eugene Callahan,* state's attorney, and *Steven Weiss,* assistant state's attorney, for the appellee (state).

PETERS, C. J. General Statutes § 14-227a (h) (3),[1] provides enhanced penalties for a third conviction of driving under the influence of alcohol "within five years

[1] General Statutes (Rev. to 1987) § 14-227a (h) provides in part: "PENALTIES FOR OPERATION WHILE UNDER THE INFLUENCE. Any person who violates any provision of subsection (a) of this section shall . . . (3) for conviction of a third violation within five years after a prior conviction for the same offense, be fined not less than one thousand dollars nor more than four thousand dollars and imprisoned not more than two years, one hundred twenty days of which may not be suspended or reduced in any manner, and have his motor vehicle operator's license or nonresident operating privilege suspended for three years . . . . For purposes of the imposition of penalties for a second, third or fourth and subsequent offense pursuant to this subsection, a conviction under the provisions of subsection (a) of section 14-227a in effect on October 1, 1981, or as amended thereafter, and a conviction under the provisions of either subdivision (1) or (2) of subsection (a) of this section shall constitute a prior offense."

General Statutes (Rev. to 1987) § 14-227a (a) provides: "OPERATION WHILE UNDER THE INFLUENCE. No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor or any drug or both if he operates a motor vehicle on a public highway of this state or on any road of a district organized under the provisions of chapter 105, a purpose of which is the construction and maintenance of roads and sidewalks, or on any private road on which a speed limit has been established in accordance with the provisions of section 14-218a, or in any parking area for ten or more cars or on any school property (1) while under the influence of intoxicating liquor or any drug or both or (2) while the ratio of alcohol in the blood of such person is ten-hundredths of one per cent or more of alcohol, by weight."

after a prior conviction." The dispositive issue in this appeal is whether these enhanced penalties apply to the third conviction of a defendant when only one of his two prior convictions occurred "within five years" of his present conviction. We conclude that they do.[2]

The defendant was arrested on November 27, 1987, and charged with driving under the influence of alcohol pursuant to General Statutes § 14-227a. The defendant pleaded not guilty. On March 14, 1988, the state filed a second part to the information, charging the defendant with being a third offender pursuant to § 14-227a (h) (3). The defendant had previously been convicted of violating § 14-227a on March 14, 1983, and on October 11, 1983. On March 17, 1988, the defendant filed a motion to dismiss the state's allegation of a third offense, which the trial court denied. The defendant subsequently entered a plea of nolo contendere to both parts of the information, conditioned on his right to appeal from the denial of his motion to dismiss the second part of the information. He was sentenced to a term of one year imprisonment, suspended after 120 days, and three years probation, was ordered to participate in an alcohol treatment program and was fined $1000. From this judgment, the defendant appeals.

The underlying facts are not at issue. The defendant contends that he could not be charged as a third offender pursuant to § 14-227a (h) (3) because his third conviction for violating § 14-227a did not occur within five years of his first conviction for violating the statute. The trial court held, however, in support of the state's position to the contrary, that the language of § 14-227a (h) (3), which speaks of a third conviction

---

[2] We note that General Statutes § 14-227a (h) (3) deals only with the enhancement of penalties and does not affect the statute of limitations for violations of § 14-227a.

"within five years of *a* prior conviction" (emphasis added), does not require that the third conviction be within five years of *all* prior convictions. We agree with the trial court.

Our interpretation of the requirements of § 14-227a (h) (3) is informed by "well defined principles of statutory interpretation that require us to ascertain and give effect to the apparent intent of the legislature." *State* v. *Blasko,* 202 Conn. 541, 553, 522 A.2d 753 (1987); *Rhodes* v. *Hartford,* 201 Conn. 89, 93, 513 A.2d 124 (1986); see *Capalbo* v. *Planning & Zoning Board of Appeals,* 208 Conn. 480, 486, 547 A.2d 528 (1988); *State* v. *Champagne,* 206 Conn. 421, 428, 538 A.2d 193 (1988); *State* v. *Kozlowski,* 199 Conn. 667, 673, 509 A.2d 20 (1986) (interpreting effect of amendment of § 14-227a); 2A J. Sutherland, Statutory Construction (4th Ed. Sands 1984) § 45.05. To determine the intent of the legislature, we first consider whether the statutory language "yields a plain and unambiguous resolution." *State* v. *Champagne,* supra; *Rhodes* v. *Hartford,* supra; see *State* v. *Kozlowski,* supra, 673–74. "If the words are clear and unambiguous, 'it is assumed that [they] express the intention of the legislature'; *Mazur* v. *Blum,* 184 Conn. 116, 118–19, 441 A.2d 65 (1981); and we need inquire no further. *Hayes* v. *Smith,* [194 Conn. 52, 58, 480 A.2d 425 (1984)]; *Doe* v. *Manson,* [183 Conn. 183, 186, 438 A.2d 859 (1981)]." *State* v. *Kozlowski,* supra, 674; see also 2A J. Sutherland, supra, § 48.01. The words of a statute must be "interpreted according to their ordinary meaning unless their context dictates otherwise." *Nichols* v. *Warren,* 209 Conn. 191, 196, 550 A.2d 309 (1988); *State* v. *Burney,* 189 Conn. 321, 326, 455 A.2d 1335 (1983). If the language is ambiguous, the ambiguity is "normally resolved by turning for guidance to the legislative history and the purpose the statute is to serve." *State* v.

*Champagne,* supra; see also *Capalbo* v. *Planning & Zoning Board of Appeals,* supra; *State* v. *Kozlowski,* supra, 673.

The language of § 14-227a (h) (3), interpreted according to the ordinary meaning of its words, plainly states that it applies to a "conviction of a third violation within five years after a prior conviction . . . ." There is no dispute that this is the defendant's third conviction for violating § 14-227a. It is also undisputed that this third conviction occurred within five years of a previous conviction, on October 11, 1983, for violating § 14-227a. The most recent conviction is, therefore, a "conviction of a third violation within five years after a prior conviction" that subjects the defendant to the enhanced penalties provided by § 14-227a (h) (3).[3]

This interpretation of § 14-227a (h) (3) finds further support in the final sentence of § 14-227a (h), which defines the prior offenses that may give rise to enhanced penalties. The final sentence states that conviction for violating the "provisions of subsection (a) of section 14-227a in effect *on October 1, 1981, or as amended thereafter* . . . shall constitute a prior offense" for the purposes of § 14-227a. (Emphasis added.)[4] The defendant's 1983 conviction for violation of § 14-227a clearly falls within this statutory definition of a "prior offense" for the purposes of § 14-227a (h) (3).

We note, furthermore, that to the extent that the scope of § 14-227a (h) could be considered ambiguous, our interpretation is consistent with the statute's legislative history and purpose. To determine legislative

---

[3] It is unnecessary to determine whether the language means that the period runs from conviction to conviction or from conviction to violation. Both the violation and the conviction for the third violation occurred within five years of the second conviction.

[4] See footnote 1, supra.

intent, "it is often useful to examine the title of a proposed bill; *Cairns* v. *Shugrue,* [186 Conn. 300, 308, 441 A.2d 185 (1982)]; and the purpose the legislature intended to accomplish by its enactment. *Dukes* v. *Durante,* [192 Conn. 207, 214, 471 A.2d 1368 (1984)] . . . ." *State* v. *Kozlowski,* supra, 678. Significantly, Public Acts 1985, No. 85-387, which amended § 14-227a in 1985 to incorporate the language at issue in this case, was entitled "An Act Increasing Imprisonment Penalties for Drunk Driving to Meet the Federal Standards." Although the legislative history does not expressly address the statute's five year period,[5] this provision was part of a statutory package that enhanced mandatory minimum sentences for both first and multiple offenders and increased penalties for each successive offense. In enacting Public Acts 1985, No. 85-387 so as to amend § 14-227a, the legislature clearly intended to provide harsher penalties for offenders with a history of driving while under the influence.

The defendant's principal response to this straightforward interpretation of § 14-227a (h) is that such an interpretation would allow the "irrational and bizarre result that a person can be a 'third' offender without ever being a 'second' offender." We recognize that, under our interpretation, an enhanced penalty might follow despite a lengthy interval between a first and second conviction, if a third conviction came on the heels of the second. We are unpersuaded that this result is either irrational or bizarre. As written, § 14-227a (h) (3) allows a person to be adjudged a third offender only after three convictions for violation of the statute. The statute makes the fact of a prior second conviction,

---

[5] The only reference to the five year time limit occurred during the House of Representatives proceedings. Representative Richard D. Tulisano referred to the five year limit in response to a comment voicing concern regarding prison overcrowding. See 28 H.R. Proc., Pt. 19, 1985 Sess., pp. 7039–40.

rather than the status of being a prior second offender, the touchstone for an enhanced penalty. The legislature was free to make such a choice.

The defendant also contends that the statute is ambiguous and vague. A statute must be sufficiently clear to give fair notice of the conduct that it forbids. *State* v. *Tyson,* 195 Conn. 326, 332, 487 A.2d 1091 (1985); see *United States* v. *Harriss,* 347 U.S. 612, 617, 74 S. Ct. 808, 98 L. Ed. 989 (1954). Honest disagreement about the interpretation of a statutory provision does not, however, make the statute ambiguous or vague. Because § 14-227a (h) clearly provides an enhanced penalty for a violation of § 14-227a within five years of a second conviction for violation of that section, this argument is without merit.

The defendant's final attack on our interpretation of § 14-227a (h) relies on the principle that penal statutes must be strictly construed against the state and liberally construed in favor of the accused. While we agree with this principle; *State* v. *Champagne,* supra, 430; *State* v. *Belton,* 190 Conn. 496, 505, 461 A.2d 973 (1983); under any reasonable rule of construction, we conclude that the legislature could and did provide for an enhanced penalty for repeated violations of § 14-227a. The legislature was not obligated to limit the time period during which a first offense might be considered relevant to the sanctions imposed for a third violation of the statute. In the related case of enhanced penalties for persistent dangerous felony offenders, the legislature likewise authorized increased sanctions for prior misconduct without a time limitation for the earlier conviction. General Statutes § 53a-40 (a).[6]

---

[6] General Statutes § 53a-40 (a) provides in relevant part: "A persistent dangerous felony offender is a person who (1) stands convicted of manslaughter, arson, kidnapping . . . and (2) has been, prior to the commission of the present crime, convicted of and imprisoned, under a sentence to a term of imprisonment of more than one year or of death, in this state or in any

Accordingly, we hold that this defendant's conduct fell within the ambit of § 14-227a (h) (3) and his motion to dismiss the third offender charge against him was properly denied.

There is no error.

In this opinion the other justices concurred.

other state or in a federal correctional institution for any of the following crimes . . . (B) *prior to October 1, 1975,* any of the crimes enumerated in section 53a-72 . . . *or prior to October 1, 1971,* in this state, assault with intent to kill under section 54-117, or any of the crimes enumerated in sections 53-9 . . . or any predecessor statutes in this state, or an attempt to commit any of said crimes . . . ." (Emphasis added.)