[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AS TO MOTION FOR SUMMARY JUDGMENT
ISSUE
Does the contract between plaintiff and defendant fall within the scope of the Home Improvement Act, Connecticut General Statutes section 20-418 et seq. (rev'd to 1989), and, if so, does it fail to comply with the provisions therein?
FACTS
The following facts come from plaintiff's complaint and affidavit. On July 15, 1988, the plaintiff Rizzo Pool Company entered into an agreement with the defendant Daniel DelGrosso to construct a pool on property owned by the defendant at 72 Twin Lakes Drive, Waterford, Connecticut. This site was land owned by the defendant Daniel DelGrosso and his wife Joanne DelGrosso upon which a new home was to be constructed. The pool and the new home were to be built CT Page 4794 simultaneously.
The contract consisted of two parts: (1) the concrete pool specification which was signed by both Daniel and Joanne DelGrosso, and (2) a swimming pool appurtenance agreement which was signed by Daniel DelGrosso only. Neither contract contained a start or completion date.
A dispute arose between the plaintiff and defendant subsequent to the execution of these contracts, but prior to plaintiff's beginning work. The plaintiff filed a one count breach of contract action for liquidated damages and lost profits dated October 6, 1989. Attached to the complaint was a copy of the deed to defendant's property. The defendant filed an answer, special defenses and a counterclaim alleging intentional misrepresentation, CUTPA violations and breach of contract on April 9, 1990. On May 1, 1990, the plaintiff filed a reply to the special defenses and an answer to the counterclaim.
On August 23, 1990, the defendant Daniel DelGrosso filed a "Motion to Amend Answer by Filing Special Defense" asserting in the special defense that the contract is unenforceable because it violates the writing requirements of Connecticut General Statutes section 20-429 (rev'd to 1989), the Home Improvement Act. However, the plaintiff never filed a reply to the amended special defense.
On October 5, 1990, the defendant Daniel DelGrosso filed a motion for summary judgment directed at plaintiff Rizzo Pool Company's breach of contract action and a memorandum of law and an affidavit in support, and, a "Request for Leave to Amend Special Defense" adding a sixth special defense that the contract was unenforceable under Connecticut General Statutes section 20-429 because it did not contain the signatures of all of the owners. The plaintiff Rizzo Pool Company filed a memorandum and an affidavit in opposition dated November 16, 1990. However, the plaintiff did not file a reply to the additional special defense.
DISCUSSION
Connecticut Practice Book section 379 (rev'd to 1978, as updated, October 1, 1990) states in pertinent part: "any party may move for summary judgment, provided that the pleadings are closed as between the parties to that motion." Pleadings are closed when the plaintiff files a reply to any special defenses. Connecticut Practice Book section 112(8). "The rules of practice in Connecticut require that all pleadings be closed before a party may move for summary CT Page 4795 judgment." (Citation omitted). Orticelli v. Powers, 197 Conn. 9,15 (1985).
Therefore, because the plaintiff did not file a reply to defendant's amended special defenses the pleadings are not closed and the motion for summary judgment is denied. However, in the event that the pleadings have been misfiled, or the defendant brings this motion after the pleadings are closed, the merits of the case are discussed herein.
DISCUSSION ON THE MERITS OF THIS CASE
 (S)ummary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts. (Citations omitted).
Connell v. Colwell, 214 Conn. 242, 246-47 (1990).
In their memorandum in support of the motion for summary judgment defendant contends that the contract contains two defects in violation of Connecticut General Statutes section 20-219 et. seq. First, they contend that the failure of Joanne DelGrosso to sign the swimming pool appurtenance agreement violates Connecticut General Statutes section 20-429
governing the required contract provisions. Second, that the failure of the contract to contain a start and completion date violates Connecticut General Statutes section 20-429 as well. It is defendant's contention that these defects invalidate the contract and therefore render it unenforceable.
Connecticut General Statutes section 20-429 (a) states in pertinent part: "(n)o home improvement contract shall be valid or enforceable against an owner unless it: CT Page 4796 (1) Is in writing, (2) is signed by the owner and the contractor. . . ." Connecticut General Statutes section 20-419 (6) defines owner as "a person who owns or resides in a private residence and includes any agent thereof."
It is undisputed that Daniel DelGrosso is an owner of the property along with his wife Joanne DelGrosso. Connecticut General Statutes section 20-429 (a) does not indicate that if there are joint owners to a piece of property, both are required to sign the contract; moreover, defendant offers no such legal authority. "The words of a statute must be `interpreted according to their ordinary meaning unless their context dictates otherwise.'" State v. Mattioli, 210 Conn. 573, 576 (1989). Thus because Daniel DelGrosso is an owner of the property and he, as well as Joanne DelGrosso, is also a named defendant, Connecticut General Statutes section 20-429 (a) has not been violated.
Connecticut General Statutes section 20-429 (a) states in pertinent part that, "(n)o home improvement shall be valid and enforceable against an owner unless it: . . . (7) contains a starting and completion date. . . ." Connecticut General Statutes section 20-419 states in pertinent part:
 (4) "Home Improvement" includes but is not limited to, the repair, replacement, remodeling, alteration, conversion, modernization, improvement, rehabilitation or sandblasting of, or addition to any land or building or that portion thereof which is used or designed to be used as a private residence or dwelling place, or the construction, replacement, installation or improvement of . . . swimming pools. . . .
However, Connecticut General Statutes section 20-419 goes on to say, "`(h)ome improvement' does not include: (A) The construction of a new home. . . ." Id.
Our interpretation of the requirements of (a statute) is formed by "well defined principles of statutory interpretation that require us to ascertain and give effect to the apparent intent of the legislature." State v. Mattioli,210 Conn. at 576. The legislature intended the Home Improvement Act to refer to improvements of existing dwellings, not to the construction of new homes.
The home to which the pool in question was to be a CT Page 4797 part was not in existence at the time the contract was entered into. Further, the alleged facts state that it was contemplated that this pool would be built simultaneously with the building of the new home. Even though swimming pools are specifically included in the definition of home improvements, it is submitted that an illogical result would be reached if it is determined that this pool would be a home improvement to a home which did not exist. "`When two constructions are possible, courts will adopt the one which makes the statute effective and workable, and not one which leads to a difficult and possibly bizarre results.'" (Citations omitted). State v. Campbell, 180 Conn. 557, 563 (1980), quoting Muller v. Town Planning and Zoning Commission, 145 Conn. 325, 331 (1958).
Thus this swimming pool contract is not a home improvement as defined by Connecticut General Statutes section20-419 and therefore defendant's motion for summary judgment if raised again runs the risk of being denied.
In its affidavit plaintiff states:
 3. That said contract does not contain a start or completion date by virtue of the requests and actions of the Defendant, Daniel DelGrosso.
 4. That Mr. DelGrosso, after numerous oral and written requests, refused to permit the commencement of work on (sic) the initiation of action on the pool.
 5. At all times, the Defendant insisted that the construction of the pool coordinate with the construction of a new residence and Defendant failed to coordinate or initiate the activity necessary to coordinate construction of said pool and residence.
 6. Any and all failure to complete the contract by the Plaintiff has been directly attributable to the activities of the Defendant who refused to cooperate in coordinating the activities necessary to start and complete its contract.
Although our courts have strictly construed the requirements of Connecticut General Statutes section 20-429, the Connecticut Supreme Court has said, "(a)s a minimum, the import of section 20-429 is that the defendant was privileged, CT Page 4798 in the absence of an allegation of bad faith, to repudiate an agreement in violation of the statute." Barrett Builders v. Miller, 215 Conn. 316, 328 (1990) (emphasis added).
Thus even if the court were to determine that this contract was for a home improvement as defined by Connecticut General Statutes section 20-419, plaintiff has raised a factual question of bad faith on the part of the defendant, and therefore, defendant's motion for summary judgment if raised again after the pleadings are closed runs the substantial risk of being denied.
AUSTIN, JUDGE