## State of Connecticut *v.* Charles J. Burns

Superior Court     Judicial District of     File No. 353860S
Hartford-New Britain at Hartford

Memorandum filed March 29, 1994

*Alfred C. Baldwin, III,* assistant state's attorney, for the state.

*Stawicki & Stawicki,* for the defendant.

WIESE, J. The defendant has filed a motion to dismiss contending that he cannot be prosecuted as a third offender for operating under the influence.

On July 20, 1993, the defendant was arrested and charged with operating a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes § 14-227a (a) (1). On March 15, 1994, a jury found the defendant guilty of that charge. That same day, the state filed a second part to the information charging the defendant with being a third offender of operating under the influence of alcohol, in violation of General Statutes § 14-227a (h) (3). The information alleges that the defendant has twice before been convicted of driving under the influence in violation of § 14-227a (a), specifically, on October 13, 1988, and again on October 28, 1988. To this information, the defendant pleaded not guilty.

On March 23, 1994, the defendant moved the court to dismiss the part B information for the reason that neither of the two prior convictions occurred within five years of the current conviction. The defendant urges the court to interpret § 14-227a (h) (3) to require that the five year limitation be applied from the date of the last conviction to the date of the present conviction. The state maintains, however, that the five year period runs from the date of the last conviction to the date of the present violation.

The court, having considered the entire record of this case, denies the motion to dismiss because § 14-227a (h) (3) provides that the five year period is to be calculated from the date of the last conviction to the date of the current violation.

In the present matter, the state alleges that a second conviction occurred on October 28, 1988, and a third violation occurred on July 20, 1993. The recent violation is within the five year limitation provided in § 14-227a (h) (3). Accordingly, the motion to dismiss is denied.

The defendant has moved the court pursuant to Practice Book § 146 et seq. to dismiss the amended part B information dated March 1, 1994.

The statute at issue is § 14-227a (h) (3), which provides in relevant part: "Any person who violates any provision of subsection (a) of this section shall . . . (3) *for conviction of a third violation within five years after a prior conviction for the same offense,* be fined not less than one thousand dollars nor more than four thousand dollars and imprisoned not more than two years . . . ." (Emphasis added.)

The issue, therefore, is whether the defendant can be charged as a third offender under § 14-227a (h) (3), when his last conviction for driving under the influence

was within five years of his present violation but beyond five years of his conviction for that violation.

An appropriate analysis of the issue required the court to apply several established rules of statutory construction. "In construing any statute, we seek to ascertain and give effect to the apparent intent of the legislature . . . . [W]hen the language of a statute is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent. . . . When the language of a statute is unclear, we may ascertain the intent of the legislature by looking beyond the language to the statute's legislative history and the purpose that the statute was intended to serve." (Citations omitted; internal quotation marks omitted.) *Weinberg* v. *ARA Vending Co.,* 223 Conn. 336, 340–41, 612 A.2d 1203 (1992).

" '[T]he court must use common sense in construing statutes and must assume that a reasonable and rational result was intended by the promulgating legislature.' " *State* v. *Harris,* 32 Conn. App. 831, 840, 632 A.2d 50 (1993). "Every word in a legislative enactment is presumed to have meaning." *State* v. *Freedom of Information Commission,* 184 Conn. 102, 107, 441 A.2d 53 (1981). Finally, the court is mindful that criminal statutes should be construed strictly in favor of the accused. Our courts have held, however, that "[t]he rule of strict construction . . . does not require that the most narrow, technical and exact meaning be given to the language of a statute in frustration of an obvious legislative intent. . . . Common sense should be applied to the language of a penal statute, particularly if otherwise absurdity or frustration of the evident design of legislature results." (Citation omitted.) *State* v. *Morelli,* 25 Conn. App. 605, 609, 595 A.2d 932 (1991); *State* v. *Rogue,* 190 Conn. 143, 151, 460 A.2d 26 (1983).

The legislative purpose for the enactment of § 14-227a (h) was articulated by the Supreme Court in *Plourde* v. *Liburdi,* 207 Conn. 412, 420, 540 A.2d 1054 (1988), in the following manner: "One need not be an in depth observer of our times and their prevailing conditions to detect the complex social, legal and economic burdens brought about by the confluence of alcohol and the modern motor vehicle. To maximize the deterrent effect of the drunk driving laws by imposing a mandatory minimum sentence, is 'a valid social purpose properly within the legislature's police power.' *State* v. *Darden,* [171 Conn. 677, 681, 327 A.2d 99 (1976)]."

The legislature amended § 14-227a (h) through the enactment of Public Acts 1985, No. 85-387. "[T]his provision was part of a statutory package that enhanced mandatory minimum sentences for both first and multiple offenders and increased penalties for each successive offense. In enacting Public Acts 1985, No. 85-387 so as to amend § 14-227a, the legislature clearly intended to provide harsher penalties for offenders with a history of driving while under the influence." *State* v. *Mattioli,* 210 Conn. 573, 578, 556 A.2d 584 (1989).

The Supreme Court in *State* v. *Mattioli,* supra, 210 Conn. 577 n.3, recognized but did not resolve the issue of whether the language of § 14-227a (h) (3) requires that the five year period run from conviction to conviction or from conviction to violation.

This court holds that the correct interpretation of § 14-227a (h) (3) is that the five year period is to be calculated from prior conviction to current violation. Accordingly, the court finds that the phrase "within five years" refers to the word "violation" as opposed to "conviction." In this regard it is a rule of statutory construction that "[r]eferential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent. . . ." 2A J. Sutherland,

Statutory Construction (5th Ed. Singer 1992 Rev.) § 47.33, p. 270. The last antecedent is " 'the last word, phrase, or clause that can be made an antecedent without impairing the meaning of the sentence.' " Id.; see *Eagle Hill Corp.* v. *Commission of Hospitals & Health Care,* 2 Conn. App. 68, 74–75, 477 A.2d 660 (1984), for application of this principle. Accordingly, the court finds that the phrase "within five years" refers to the last antecedent, "violation." Were it to be otherwise, as the defendant argues, the word "violation" would lose its meaning.

Further, to the extent that § 14-227a (h) could be considered ambiguous, the court's interpretation is supported by the remarks of Richard D. Tulisano, house chairman of the judiciary committee, when, in summarizing the intent of the legislature, he stated in relevant part: "Mr. Speaker, all of the individuals on both sides of the question so far have raised some really pertinent issues. The fact of the matter is . . . [t]his attempts to straighten out that a second offender, *for purposes of this statute, will be one who commits a violation within five years of a prior conviction,* so it's a five year limitation on the second offender status." (Emphasis added.) 28 H.R. Proc., Pt. 19, 1985 Sess., p. 7039.

Finally, the court belives that a conviction to violation interpretation of § 14-227a (h) (3) leads to a reasonable and rational result. "A statute must be sufficiently clear to give fair notice of the conduct that it forbids." *State* v. *Mattioli,* supra, 210 Conn. 579. Laws must give a person of ordinary intelligence a reasonable opportunity to know what is prohibited so that he may act accordingly. *State* v. *Cavallo,* 200 Conn. 664, 667, 513 A.2d 646 (1986).

The language of § 14-227a (h) (3) plainly warns an individual who has been twice convicted of operating

under the influence that a third violation for the same offense within the next five years will result in the application of the enhanced penalty provision. See *State* v. *Tyson*, 195 Conn. 326, 332, 487 A.2d 1091 (1985), for a similar application to General Statutes § 53a-40 (a) (persistent dangerous felony offender).

In comparison, a conviction to conviction analysis may not bring about the same result. In this instance, an individual is left to what may be the uncertainty of a somewhat lengthy judicial process. The state may also be left to uncertainty since the defendant's manipulation of the court calendar, e.g., failure to appear, may prolong his conviction beyond the five year limitation. In fact, it may be very advantageous for the defendant to do so, and the conviction approach would encourage such delay tactics.

The court should avoid statutory interpretations that lead to difficult and bizarre results. *Shelby Mutual Ins. Co.* v. *Della Ghelfa,* 200 Conn. 630, 636, 513 A.2d 52 (1986). In seeking the meaning of a statute, the court is mindful that the legislature is presumed to have "intended a reasonable, just and constitutional result." *Sanzone* v. *Board of Police Commissioners,* 219 Conn. 179, 187, 592 A.2d 912 (1991). Accordingly, the court denies the motion to dismiss.

The defendant was arrested on July 20, 1993, for violation of operating a motor vehicle under the influence of intoxicating liquor. The second part of the information alleged that the defendant was previously convicted of the same offense on October 13, 1988, and on October 28, 1988. Section 14-227a (h) (3) provides that a defendant can be adjudged a third offender when his last conviction was within five years of his most recent violation. Accordingly, the defendant was properly charged as a third offender under § 14-227a (h) (3). The motion to dismiss is, therefore, denied. The state may proceed with trial under the part B information.