HAROLD W. READ ET AL. *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF STONINGTON ET AL.
(12319)

LAVERY, FREEDMAN and SPEAR, Js.

Argued May 5—decision released August 2, 1994

*Jeffrey R. Godfrey,* for the appellant (defendant William Boyce).

*Mark W. Oberlatz,* for the appellees (plaintiffs).

FREEDMAN, J. The defendant[1] William Boyce appeals from the judgment of the trial court reversing the approval, by the defendant planning and zoning commission of the town of Stonington (zoning commission), of a site plan application. On appeal, Boyce claims that the trial court improperly found (1) that the plaintiffs had standing to appeal from the zoning commission's decision, and (2) that the zoning commission had no jurisdiction to take action on Boyce's site plan application without first receiving a report from the local inland wetlands commission. We reverse the judgment of the trial court.

The trial court found the following facts. On January 3, 1990, Boyce filed an application with the zoning commission for review of a coastal site plan for the building of a single-family house on a coastal lot. On May 15, 1990, acting pursuant to the Coastal Management Act,[2] the zoning commission reviewed the application, heard evidence, deliberated, and approved Boyce's site plan. On June 4, 1990, the plaintiffs, owners of a lot abutting Boyce's property, filed a timely appeal from the decision of the zoning commission in the Superior Court. The trial court sustained the appeal and reversed the decision of the zoning commission.

---

[1] The defendants in this action are the planning and zoning commission of the town of Stonington and William Boyce. This appeal was brought solely by Boyce. The planning and zoning commission adopted the brief of Boyce but did not attend oral argument.

[2] The Coastal Management Act is contained in General Statutes § 22a-90 et seq. General Statutes § 22a-109 (a) provides in pertinent part: "A coastal site plan shall be filed with the municipal zoning commission to aid in determining the conformity of a proposed building, use, structure . . . fully or partially within the coastal boundary, with the specific provisions of the zoning regulations of the municipality and the provisions of sections 22a-105 and 22a-106 . . . ."

The trial court specifically found: "The zoning commission complied with the statutory requirements of the Coastal Management Act" and that "the findings and conclusions are adequately supported by the record." The trial court found, however, that because Boyce had failed to submit a simultaneous application to the inland wetlands commission for the town of Stonington, pursuant to General Statutes § 8-3 (g),[3] the zoning commission was without authority to act on the coastal site plan and, therefore, the approval of Boyce's application was void as an illegal action by the zoning commission. This appeal followed.

Boyce first argues that because the Coastal Management Act contains no specific appeal provisions for site plan review, and no direct reference to the appeal provisions of the zoning statutes,[4] there is no right to appeal any decision made by a planning and zoning commission under the Coastal Management Act. We disagree.

Although the Coastal Management Act does not contain any explicit provisions for appealing the decisions of a municipal zoning commission, the act does contemplate that such decisions will be appealed. Section

---

[3] General Statutes § 8-3 (g) provides in pertinent part: "The zoning regulations may require that a site plan be filed with the commission or other municipal agency or official to aid in determining the conformity of a proposed building, use or structure with specific provisions of such regulations. If a site plan application involves an activity regulated pursuant to sections 22a-36 to 22a-45, inclusive, the applicant shall submit an application for a permit to the agency responsible for administration of the inland wetlands regulations not later than the day such application is filed with the zoning commission. The decision of the zoning commission shall not be rendered on the site plan application until the inland wetlands agency has submitted a report with its final decision. In making its decision the zoning commission shall give due consideration to the report of the inland wetlands agency. A site plan may be modified or denied only if it fails to comply with requirements already set forth in the zoning or inland wetlands regulations. . . ."

[4] The zoning statutes are found within the General Statutes at § 8-1 et seq.

22a-110 of the Coastal Management Act provides not only that the state's commissioner of environmental protection may appear as of right in any proceeding before a municipal zoning commission under the act, but also that "said commissioner may appeal, or appear as a party to any appeal of, a municipal decision concerning such matters . . . ."

"We presume that the legislature had a purpose for each sentence, clause, or phrase in a legislative enactment, and that it did not intend to enact meaningless provisions." *Turner* v. *Turner*, 219 Conn. 703, 713, 595 A.2d 297 (1991). In order for the reference in § 22a-110 to an appeal of a decision under the act to have purpose, we must turn to General Statutes § 8-8 (b), which provides in relevant part that "any person aggrieved by any decision of a board may take an appeal to the superior court for the judicial district in which the municipality is located." A "board" is defined as "a municipal zoning commission, planning commission, or combined planning and zoning commission." General Statutes § 8-8 (a) (2). Clearly, the planning and zoning commission of the town of Stonington fits this definition.

Section 8-8 (b) is not limited to decisions made pursuant to local zoning regulations. Section 8-8 (b) expressly provides that "any person aggrieved by *any* decision of a board may take an appeal . . . ." (Emphasis added.) It is irrelevant to an aggrieved party's right of appeal under § 8-8 (b) that the zoning commission was implementing the Coastal Management Act. The implementation of the act is in addition to the zoning commission's authority under the town's planning and zoning regulations, not to the exclusion of that authority.[5] We conclude that the plaintiffs, as

---

[5] "A coastal site plan required under this section may be modified or denied if it fails to comply with the requirements already set forth in the

persons aggrieved by the decision of the zoning commission, had standing under § 8-8 (b) to appeal the action of the zoning commission to the Superior Court.

Boyce next claims that the trial court improperly found that the zoning commission had no jurisdiction to take action on his site plan application without first receiving a final report from the inland wetlands commission. This claim requires us to analyze the relationship between General Statutes §§ 22a-109 and 8-3 (g). The trial court specifically found that even though Boyce's site plan was submitted pursuant to § 22a-109, the zoning commission's decision was illegal because the defendant failed to comply with § 8-3 (g).[6] That subsection requires that any site plan submitted to the local zoning commission that impacts inland wetlands must be simultaneously submitted to the local agency responsible for the administration of the inland wetlands regulations, and that in such cases the zoning commission may not act on the site plan until a final decision of the inland wetlands agency has been submitted.[7]

Section 22a-109 (a) of the Coastal Management Act, pursuant to which the defendant submitted his coastal site plan, expressly excludes coastal site plans from the requirements of § 8-3 (g).[8] In construing statutes, our goal is "to ascertain and give effect to the apparent intent of the legislature." *State* v. *Blasko,* 202 Conn. 541, 553, 522 A.2d 753 (1987). We look first to the plain, unambiguous language of the statute. *Rhodes* v. *Hart-*

zoning regulations of the municipality, and, in addition, the coastal site plan may be modified, conditioned or denied in accordance with the procedures and criteria listed in sections 22a-105 and 22a-106. . . ." General Statutes § 22a-109 (a).

[6] See footnote 3.

[7] See footnote 2.

[8] General Statutes § 22a-109 (a) provides in relevant part: "Review of a coastal site plan under the requirements of this section shall supersede any review required by the municipality under subsection (g) of section 8-3 . . . ."

*ford,* 201 Conn. 89, 93, 513 A.2d 124 (1986). Only if the language is ambiguous do we turn for guidance to the legislative history and the purpose the statute is intended to serve. *State* v. *Kozlowski,* 199 Conn. 667, 674, 509 A.2d 20 (1986); see also *Beizer* v. *Goepfert,* 28 Conn. App. 693, 698, 613 A.2d 1336, cert. denied, 224 Conn. 901, 615 A.2d 1044 (1992), cert. denied, U.S. , 113 S. Ct. 1416, 122 L. Ed. 2d 786 (1993). The language in § 22a-109 (a) is not ambiguous. Section 22a-109 (a) clearly states that review under the act *"shall supersede* any review . . . under subsection (g) of section 8-3 . . . ." (Emphasis added.)

During oral argument the plaintiffs posited that the decision of our Supreme Court in *Vartuli* v. *Sotire,* 192 Conn. 353, 472 A.2d 336 (1984), held that despite the plain language of § 22a-109 (a), § 8-3 (g) applied to cases under the Coastal Management Act. Our review of *Vartuli* reveals that the Supreme Court did not hold that § 8-3 (g) applied to review of coastal site plans. In *Vartuli,* the Supreme Court held that the provision in § 8-3 (g) that "[a]pproval of a site plan shall be presumed unless a decision to deny or modify it is rendered within the period specified in section 8-7d" operated to make approval of a coastal site plan mandatory if a municipal board failed to act on the plan within the sixty-five day period delineated in § 8-7d (b). *Vartuli* v. *Sotire,* supra, 358–59.

Our examination of the Coastal Management Act clarifies the basis of the *Vartuli* holding. Section 22a-109 (g) provides that "[t]he coastal site plan review required under this section shall be subject to the same statutory requirements as subsections (a) and (b) of section 8-7d for the purposes of determining the time limitations on the zoning commission in reaching a final decision." Section 8-7d (b) is in turn implemented through the mandatory approval provision of § 8-3 (g). In *Vartuli* the Supreme Court stated: "By virtue of

§ 22a-109 (a), the broader substantive criteria for coastal site plan review take the place of the narrower zoning criteria contemplated by § 8-3 (g). The statutory scheme thus avoids duplicative zoning and coastal management proceedings. Nothing in § 22a-109 (a) in any way addresses the temporal restrictions that § 8-3 (g) imposes on § 8-7d (b)." Id., 363. This language makes a distinction between the substantive criteria of § 8-3 (g), which do not apply when site plans are submitted pursuant to § 22a-109, and the operation of § 8-3 (g) on the temporal enforcement provisions of § 8-7d (b), which occurs even if § 8-7d (b) is operating on the Coastal Management Act. No part of *Vartuli* suggests that § 8-3 (g) operates directly on § 22a-109, as that would be a violation of the express provisions of § 22a-109 (a).[9]

Additionally, in construing statutes we presume that "the legislature acted with knowledge and understanding of existing relevant statutes, and with the intent to achieve a harmonious and consistent body of law." *Vartuli* v. *Sotire,* supra, 192 Conn. 362; see also *Leo Fedus & Sons Construction Co.* v. *Zoning Board of Appeals,* 225 Conn. 432, 442, 632 A.2d 1014 (1993). In 1987, the legislature amended § 8-3 (g) to require simultaneous submission of site plans to the zoning commission and to the inland wetlands agency, as part of an act that substantially strengthened the Inland Wetlands and Watercourses Act. This was several years after the enactment of the Coastal Management Act, which had expressly excepted coastal site plans from the requirements of § 8-3 (g). If the legislature had intended coastal site plans submitted pursuant to § 22a-109 to be submitted simultaneously to the local wetlands agency, the legislature could easily have modified § 22a-109 (a) accordingly in 1987. *Union Trust Co.* v. *Heggelund,* 219 Conn. 620, 627, 594 A.2d 464 (1991).

---

[9] See footnote 8.

Furthermore, although our holding in this case is based on the unambiguous language of the statute, it is also consistent with legislative intent. It would be inconsistent with the review scheme contemplated by the state legislature in the Coastal Management Act to require simultaneous submission of coastal site plans to the planning and zoning commission and the inland wetlands agency.

The Coastal Management Act was expressly concerned with providing uniform standards for evaluating the impact of coastal development, while allowing municipalities to maintain local control over the process. See 22 H.R. Proc., Pt. 29, 1979 Sess., pp. 10168–69, remarks of Representative John Anderson. As the Supreme Court has previously noted, what is unique about the Coastal Management Act is that it "envisages a single review process, during which proposals for development within the coastal boundary will simultaneously be reviewed for compliance with the local zoning requirements and for consistency with the policies of planned coastal management." *Vartuli* v. *Sotire,* supra, 192 Conn. 358. Comments made during hearings of the joint standing committee on the environment reflect a desire by the proponents of the Coastal Management Act to avoid creating more bureaucracy and procedures and to simplify the process of applying for permits to build in coastal areas. Conn. Joint Standing Committee Hearings, Environment, Pt. 5, 1979 Sess., pp. 1380–85. Procedures under the Coastal Management Act were designed "to make life easier for coastal property owners by providing more specific guidance in how to get permits." 22 H.R. Proc., Pt. 29, 1979 Sess., p. 10169, remarks of Representative John Anderson. It would be ironic if under legislation designed to simplify and streamline the process of applying for coastal building permits, a property owner was required to submit simultaneous applications to multiple agencies, and if

the local zoning commission was precluded from acting on the coastal site plan until the local wetlands agency had issued a final decision.

Finally, it must be emphasized that excepting coastal site plans from the requirement of simultaneous submission to the zoning commission and wetlands agency will not exclude coastal site plans from review pursuant to the Inland Wetlands and Watercourses Act if the contemplated development will impact inland wetlands. As we pointed out in *Arway* v. *Bloom,* 29 Conn. App. 469, 481, 615 A.2d 1075 (1992), appeal dismissed, 227 Conn. 799, 633 A.2d 281 (1993), wetlands are not protected solely through the simultaneous review provisions of General Statutes § 8-3 (g). The Inland Wetlands and Watercourses Act, at General Statutes § 22a-42a (c), independently protects wetlands by requiring that "no regulated activity shall be conducted upon any wetland and watercourse without a permit." In fact, Boyce conceded in oral argument that despite approval of his coastal site plan by the zoning commission, he could not build on the site in question without first obtaining a wetlands permit from the inland wetlands commission.[10]

The language of the Coastal Management Act unambiguously provides that review of coastal site plans pursuant to General Statutes § 22a-109 (a) supersedes review under General Statutes § 8-3 (g). In accordance with the plain meaning of this language, Boyce was not required to submit his coastal site plan to the inland wetlands commission at the same time he submitted it to the zoning commission, nor was the zoning commission precluded from acting on his application without the final decision of the inland wetlands commission.

The judgment is reversed and the case is remanded with direction to render judgment for the defendants.

In this opinion the other judges concurred.

---

[10] Boyce obtained such approval on March 6, 1991.