## STATE OF CONNECTICUT *v.* CHARLES J. BURNS
### (13681)

DUPONT, C. J., and HEIMAN and SCHALLER, Js.

Argued March 23—decision released May 23, 1995

*David B. Bachman,* special public defender, for the appellant (defendant).

*Kimberly A. Graham,* assistant state's attorney, with whom, on the brief, were *James E. Thomas,* state's attorney, and *Alfred Baldwin,* assistant state's attorney, for the appellee (state).

HEIMAN, J. The defendant, who was convicted of operating a motor vehicle while under the influence of intoxicating liquor; General Statutes § 14-227a (a);[1] appeals, following a conditional plea of nolo contendere

---

[1] General Statutes § 14-227a (a) provides in pertinent part: "No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor or any drug or both if he operates a motor vehicle on a public highway . . . (1) while under the influence of intoxicating liquor or any drug or both . . . ."

to the second part of the information,[2] challenging the imposition of enhanced penalties under General Statutes § 14-227a (h) (3).[3] On appeal, the defendant claims that the trial court improperly denied his motion to dismiss the second part of the information because his conviction of a third violation of driving while under the influence did not occur within five years of a prior conviction.[4] We agree with the defendant and reverse the judgment of the trial court.

The facts underlying this appeal are not in dispute. On July 20, 1993, the defendant was arrested and charged with reckless driving[5] and operating a motor vehicle while under the influence of liquor or drugs. On March 1, 1994, the state filed an amended second part of the information, charging the defendant as a third

[2] General Statutes § 54-94a provides in pertinent part: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's . . . motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law. The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied the . . . motion to dismiss."

Practice Book § 4003 provides similarly. The plea of nolo contendere as accepted by the trial court does not disclose which of the two alternative vehicles the defendant intended to invoke.

[3] General Statutes § 14-227a (h) provides in pertinent part: "PENALTIES FOR OPERATION WHILE UNDER THE INFLUENCE. Any person who violates any provision of subsection (a) of this section shall . . . (3) for conviction of a third violation within five years after a prior conviction for the same offense, be fined not less than one thousand dollars nor more than four thousand dollars and imprisoned not more than two years, one hundred twenty consecutive days of which may not be suspended or reduced in any manner, and have his motor vehicle operator's license or nonresident operating privilege suspended for three years . . . ."

[4] We note that, although the defendant stated on the appeal form that this appeal is from the "judgment of conviction for driving under the influence, [General Statutes] §§ 14-227a (a) (1) and 14-227a (h) (3)," the only issue that is raised on appeal is the propriety of the trial court's denial of the motion to dismiss. See General Statutes § 54-94a and Practice Book § 4003.

[5] On March 9, 1994, the defendant pleaded guilty to the charge of reckless driving in violation of General Statutes § 14-222.

time offender subject to the enhanced penalties of § 14-227a (h) (3).

On March 14, 1994, a jury found the defendant guilty of operating a motor vehicle while under the influence of liquor or drugs. The defendant moved to dismiss the amended second part of the information against him on March 23, 1994. In support of this motion, the defendant alleged that his prior convictions occurred on October 13 and 28, 1988,[6] and that both convictions, therefore, had occurred more than five years before his present conviction.

After a hearing, the trial court denied the defendant's motion to dismiss, finding that the enhanced penalties of General Statutes § 14-227a (h) (3) applied to the defendant because "his last conviction was within five years of his most recent violation." Thereafter, the defendant entered a conditional plea of nolo contendere to being a third offender as set out in § 14-227a (h) (3). The defendant was sentenced to two years imprisonment and fined $1000. In addition, his operator's license was suspended for three years.

On appeal, the defendant claims that the trial court improperly denied his motion to dismiss. In support of this claim, the defendant asserts that the five year period outlined in § 14-227a (h) (3) must be measured from the date of a prior conviction to the date of the current conviction, in other words, from conviction to conviction. The state, on the other hand, argues that the crucial period is measured from the date of a prior conviction to the date of the current violation, in this case, the date of arrest. We agree with the defendant that the trial court used an improper method of calculating the five year period and, therefore, reverse the judgment of the trial court.

---

[6] The state does not dispute the dates of the defendant's prior convictions.

In order to resolve the issue presented to us, we must resort to statutory interpretation in accordance with well defined principles that require that we ascertain and give effect to the apparent intent of the legislature. *Samperi* v. *Inlands Wetlands Agency*, 226 Conn. 579, 591, 628 A.2d 1286 (1993); *State* v. *Blasko*, 202 Conn. 541, 553, 522 A.2d 753 (1987). "To determine the intent of the legislature, we first consider whether the statutory language yields a plain and unambiguous resolution. . . . If the words are clear and unambiguous, it is assumed that [they] express the intention of the legislature . . . and we need inquire no further. . . . The words of a statute must be interpreted according to their ordinary meaning unless their context dictates otherwise. . . ." (Citations omitted; internal quotation marks omitted.) *State* v. *Mattioli*, 210 Conn. 573, 576, 556 A.2d 584 (1989). "Only if the language is ambiguous do we turn for guidance to the legislative history and the purpose the statute is intended to serve." *Read* v. *Planning & Zoning Commission*, 35 Conn. App. 317, 322, 646 A.2d 222 (1994), citing *State* v. *Kozlowski*, 199 Conn. 667, 674, 509 A.2d 20 (1986).

Section 14-227a (h) (3) expressly and unambiguously provides that its enhanced penalties apply to a *"conviction* of a third violation [of any provision of § 14-227a (a)] within five years after a prior *conviction* for the same offense." (Emphasis added.) We must conclude, therefore, that the plain meaning of the language employed in the statute requires the five year period to run from conviction to conviction.

We find further support for this conclusion in our Supreme Court's decision in *State* v. *Mattioli*, supra, 210 Conn. 573. In *Mattioli*, the Supreme Court addressed the issue of whether all three convictions were required to occur within the same five year span in order for a defendant to be subjected to the enhanced

penalties of § 14-227a (h) (3). In concluding that only one of the prior convictions needed to occur within the five year period, the court stated: "The language of § 14-227a (h) (3), interpreted according to the ordinary meaning of its words, plainly states that it applies to a 'conviction of a third violation within five years after a prior conviction . . . .' " *State* v. *Mattioli,* supra, 577. "As written, § 14-227a (h) (3) allows a person to be adjudged a third offender only after three convictions for a violation of the statute." Id., 578.

While we do not question that the legislature could provide for enhancement of penalties for operating a motor vehicle while under the influence of liquor or drugs without creating a time limit for consideration of prior offenses; id., 579; the legislature instead elected to create a time limitation. "We must construe the act as we find it, without reference to whether we think it would have been or could be improved by the inclusion of other provisions. . . . Where statutory language is clearly expressed, as here, courts must apply the legislative enactment according to the plain terms and cannot read into the terms of a statute something which manifestly is not there in order to reach what the court thinks would be a just result." (Citations omitted; internal quotation marks omitted.) *Johnson* v. *Manson,* 196 Conn. 309, 315, 493 A.2d 846 (1985), cert. denied, 474 U.S. 1063, 106 S. Ct. 813, 88 L. Ed. 2d 787 (1986); see also *State* v. *Hanson,* 210 Conn. 519, 529, 556 A.2d 1007 (1989).

We conclude that the period of time during which the enhancement provisions of § 14-227a (h) (3) are applicable must be measured from conviction to conviction and that the determination that the period was to be measured from conviction to violation was improper.

The judgment is reversed in part and the case is remanded with direction to grant the defendant's

motion to dismiss the amended second part of the information and to resentence the defendant in accordance with his conviction of a violation of § 14-227a.

In this opinion the other judges concurred.