******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ATHENA HOLDINGS, LLC *v.* JAN MARCUS
(AC 35979)

Gruendel, Beach and Borden, Js.

*Argued April 20—officially released October 13, 2015*

(Appeal from Superior Court, judicial district of
Danbury, Ozalis, J.)

*Nathan C. Nasser*, with whom, on the brief, was *Jan
A. Marcus*, for the appellant (defendant).

*Edward M. Rosenthal*, for the appellee (plaintiff).

*Opinion*

GRUENDEL, J. The sole issue in this appeal is whether the trial court properly denied the defendant's motion for attorney's fees pursuant to General Statutes § 42-150bb.[1] Specifically, the defendant, Jan Marcus, claims that he was entitled to attorney's fees for his successful defense of two of the three counts alleged in the plaintiff's complaint. The plaintiff, Athena Holdings, LLC, argues in opposition that, because it prevailed on the breach of contract count, the trial court properly concluded that the defendant did not successfully defend the action and, therefore, attorney's fees were unavailable under § 42-150bb. We agree with the plaintiff and affirm the judgment of the trial court.

The following facts and procedural history are taken from the court's memorandum of decision. The plaintiff owns and operates a nursing home facility in Ridgefield. On November 12, 2008, pursuant to an agreement between the parties, the defendant, an attorney, admitted his elderly mother to the plaintiff's nursing home. After her admission, the defendant's mother remained a resident at the facility until her death on May 10, 2009.

The agreement between the parties classified the defendant as the "Responsible Party." Under the terms of the agreement, the "Responsible Party does not personally guarantee or serve as surety for payment as described in paragraphs II, III and XIV. Responsible Party liability for failure to perform any of the obligations set forth in this agreement shall be determined in accordance with the provisions of this agreement." Section IV of the agreement stated in relevant part that "if the Responsible Party has received a transfer of assets from the Resident that result in the Resident's ineligibility for Medicaid assistance, the Responsible Party agrees that these assets, or an amount of the Responsible Party's funds at least equal to these assets, will be used for the cost of care and services rendered to the Resident until the Resident is determined to be eligible for Medicaid assistance by the Connecticut Department of Social Services . . . ." This section also stated that the "Responsible Party agree[s] to act promptly and expeditiously to establish and maintain eligibility for Medicaid assistance . . . [and] during the pendency of any application for Medicaid assistance, the Resident's monthly income, less a personal needs allowance as established by the Department of Social Services, will be paid to the Facility on or before the tenth of each month." Section V of the agreement provided: "If the Responsible Party has control of or access to the Resident's income and/or assets, the Responsible Party agrees that these funds shall be used for the Resident's welfare, including but not limited to making prompt payment for the care and services rendered to the Resident in accordance with the terms of this agreement."

The plaintiff initiated the present action, seeking recovery of $47,444 in unpaid fees incurred by the defendant's mother during her stay at the plaintiff's facility. The complaint alleged the following three counts: (1) breach of contract, (2) promissory estoppel, and (3) negligence. In addition to monetary damages, the plaintiff sought reasonable attorney's fees under the terms of the agreement,[2] interest, and taxable costs.

The case was tried to the court, which rendered its decision in favor of the plaintiff on the breach of contract count and in favor of the defendant on the promissory estoppel and negligence counts. Accordingly, the court rendered judgment in favor of the plaintiff in the amount of $15,778. This amount was determined on the basis of three findings. First, the court found that the defendant's mother had, in violation of the agreement, transferred $8100 in assets to the defendant that should have been used to pay the plaintiff. Second, the court found that the defendant had controlled his mother's Social Security and pension benefits and had breached the agreement when he failed to transfer to the plaintiff $6608 in benefits received by his mother. Finally, the court found that the defendant had improperly received an additional $1070 transfer of his mother's assets, which also should have been used to pay the plaintiff.

The court's judgment also included an award of attorney's fees to the plaintiff and a denial of attorney's fees to the defendant. The court concluded that, pursuant to Section XIII of the agreement, the plaintiff was entitled to reasonable attorney's fees on the basis that it had prevailed on the breach of contract count. The court further concluded that the defendant was not entitled to attorney's fees under § 42-150bb because the plaintiff had prevailed on count one of its complaint and therefore, the defendant had failed to successfully defend the action. Thereafter, the defendant filed a motion for reconsideration of the court's denial of attorney's fees, arguing that § 42-150bb did not require a "complete victory" as a prerequisite to a consumer defendant's right to attorney's fees under the statute. The court denied the defendant's motion and awarded $2336.70 in attorney's fees to the plaintiff.[3] The defendant appeals from this judgment.

On appeal, the defendant claims that he is entitled to recover attorney's fees under § 42-150bb because he successfully defended against two of the three counts of the plaintiff's complaint. The plaintiff, on the other hand, argues that because the court awarded damages on the breach of contract count, the defendant did not "successfully" defend the action, and therefore was not entitled to attorney's fees under § 42-150bb. We agree with the plaintiff and conclude that the defendant did not successfully defend the action.

We begin with the standard of review governing this

appeal. The proper construction and meaning to be afforded to the statutory language of § 42-150bb is a question of law over which we exercise plenary review. *Ugrin* v. *Cheshire*, 307 Conn. 364, 379–80, 54 A.3d 532 (2012). "When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1–2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Internal quotation marks omitted.) *Cruz* v. *Montanez*, 294 Conn. 357, 367, 984 A.2d 705 (2009). "If the language is ambiguous, the ambiguity is normally resolved by turning for guidance to the legislative history and the purpose the statute is to serve." (Internal quotation marks omitted.) *State* v. *Mattioli*, 210 Conn. 573, 576, 556 A.2d 584 (1989).

Section 42-150bb provides in relevant part: "Whenever any contract or lease entered into on or after October 1, 1979, to which a consumer is a party, provides for the attorney's fee of the commercial party to be paid by the consumer, an attorney's fee shall be awarded as a matter of law to the consumer who successfully prosecutes or defends an action or a counterclaim based upon the contract or lease. . . ." "[This statute] is in derogation of the common law. Specifically, [t]he general rule of law known as the American rule is that attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception. . . . Connecticut adheres to the American rule. . . . Section 42-150bb is, however, one of [the] exceptions to the common-law rule. . . . [The statute] clearly authorizes an award of attorney's fees to the *consumer who successfully prosecutes or defends an action or a counterclaim on a consumer contract* or lease." (Citation omitted; emphasis added; internal quotation marks omitted.) *Aaron Manor, Inc.* v. *Irving*, 307 Conn. 608, 616–17, 57 A.3d 342 (2013). "The purpose of § 42-150bb is to bring parity between a commercial party and a consumer who defends successfully an action on a contract prepared by the commercial party." Id., 618. Stated differently, when a commercial entity enters into a consumer contract that provides the commercial entity with the contractual right to recover attorney's fees, § 42-150bb provides consumers with a reciprocal statutory right to recover attorney's fees if he or she successfully prosecutes or defends an action or counterclaim.

On appeal, the defendant argues that § 42-150bb

should apply to the facts of this case. Specifically, the defendant argues that the plaintiff's failure to establish essential elements of its promissory estoppel and negligence counts constituted a "successful defense" under § 42-150bb, thereby entitling him to attorney's fees. We disagree.

We begin our analysis by reviewing the language of the statute. Section 42-150bb provides a statutory right to attorney's fees to the consumer who successfully prosecutes or defends *an action* or counterclaim based *on a contract*. As this court has previously held, "[t]he word action has no precise meaning and the scope of proceedings which will be included within the term . . . depends upon the nature and purpose of the particular statute in question. . . . What the legislature may have intended to be a civil action for some purposes may not be a civil action for others." (Internal quotation marks omitted.) *Bobbin* v. *Sail the Sounds, LLC*, 153 Conn. App. 716, 721, 107 A.3d 414 (2014). Accordingly, we conclude that the term "action" is ambiguous and we look to the legislative history to determine its meaning. Our Supreme Court has previously reviewed the statute's legislative history and held that "it was designed to provide equitable results for a consumer who successfully defended an action under a commercial contract and the commercial party who was entitled to attorney's fees. . . . The purpose of § 42-150bb is to bring parity between a commercial party and a consumer who defends successfully an action on a contract prepared by the commercial party." (Citation omitted; internal quotation marks omitted.) *Aaron Manor, Inc.* v. *Irving*, supra, 307 Conn. 617–18.

With this purpose in mind, it is clear that it was the plaintiff, rather than the defendant, who "succeeded" in the present contract action. The plaintiff's complaint sought recovery of money allegedly owed to it under the terms of the agreement. Thus, the plaintiff initiated the present action seeking judicial enforcement of its rights under the contract. While the plaintiff's complaint comprised of three counts, each asserting independent legal theories of recovery, only one count sought recovery for breach of contract. Although it is permissible under our rules of practice to advance alternative and even inconsistent theories of liability in a single complaint; *Dreier* v. *Upjohn Co.*, 196 Conn. 242, 245, 492 A.2d 164 (1985);[4] the plaintiff would have been allowed to recover attorney's fees under the contract only if it had prevailed, as it did, on the breach of contract count. Similarly, the defendant's statutory right to attorney's fees depended on whether he was successful in defending against the breach of contract count. As the defendant was unsuccessful in defending against this count, and no other claim arose under the contract, we conclude that the defendant has not successfully defended the action and therefore is not entitled to attorney's fees under § 42-150bb.[5]

In conclusion, "[i]t is the duty of the court to interpret statutes as they are written . . . and not by construction read into statutes provisions which are not clearly stated." (Citations omitted; internal quotation marks omitted.) *State* v. *Johnson*, 227 Conn. 534, 542, 630 A.2d 1059 (1993); see *Forsyth* v. *Rowe*, 226 Conn. 818, 828, 629 A.2d 379 (1993); *State* v. *Dupree*, 196 Conn. 655, 660, 495 A.2d 691, cert. denied, 474 U.S. 951, 106 S. Ct. 318, 88 L. Ed. 2d 301 (1985). Section 42-150bb provides for attorney's fees "to the consumer who successfully prosecutes or defends *an action . . . based upon the contract . . . .*" (Emphasis added.) Accordingly, we decline the defendant's invitation to interpret the language of the statute to provide for attorney's fees to a consumer defendant who successfully defends against two alternative theories of liability set forth in the complaint, but loses on the breach of contract count, the only count "based upon the contract."

The judgment is affirmed.

In this opinion the other judges concurred.

[1] General Statutes § 42-150bb provides: "Attorney's fees in action based on consumer contract or lease. Whenever any contract or lease entered into on or after October 1, 1979, to which a consumer is a party, provides for the attorney's fee of the commercial party to be paid by the consumer, an attorney's fee shall be awarded as a matter of law to the consumer who successfully prosecutes or defends an action or a counterclaim based upon the contract or lease. Except as hereinafter provided, the size of the attorney's fee awarded to the consumer shall be based as far as practicable upon the terms governing the size of the fee for the commercial party. No attorney's fee shall be awarded to a commercial party who is represented by its salaried employee. In any action in which the consumer is entitled to an attorney's fee under this section and in which the commercial party is represented by its salaried employee, the attorney's fee awarded to the consumer shall be in a reasonable amount regardless of the size of the fee provided in the contract or lease for either party. For the purposes of this section, 'commercial party' means the seller, creditor, lessor or assignee of any of them, and 'consumer' means the buyer, debtor, lessee or personal representative of any of them. The provisions of this section shall apply only to contracts or leases in which the money, property or service which is the subject of the transaction is primarily for personal, family or household purposes."

[2] The contract between the parties provided for reasonable attorney's fees in the event the plaintiff incurred costs of collection. Section XIII of the agreement provides in relevant part that "[u]pon referral of Resident's overdue account to an Attorney or to an agency for collection, the Resident and Responsible [Party] agree to pay the costs of collection including reasonable attorney's fees."

[3] The court concluded that the plaintiff's attorney's fees were limited to 15 percent of the judgment, in accordance with General Statutes § 42-150aa.

[4] In *Dreier* v. *Upjohn Co.*, supra, 196 Conn. 246, our Supreme Court noted that "[o]ur laws formerly cast on the plaintiff the duty of construing his rights with respect to the form in which they ought to be brought before the court, and the relief to which he might be entitled, at the risk of losing everything if he mistook his remedy. The Practice Act enables him, in a case like the present, to throw this duty of construction upon the court. It is enough for him to tell his story as plainly and concisely as may be, and to state the different kinds of relief, one of which he thinks he may fairly claim."

[5] We also note that it would be inconsistent with our rules of practice to punish a plaintiff who succeeds on one legal theory of liability, and by doing so, necessarily loses on an alternative theory. See *Glazer* v. *Dress Barn, Inc.*, 274 Conn. 33, 88–89, 873 A.2d 929 (2005) (well settled that breach of contract and promissory estoppel are inconsistent theories of recovery, as promissory estoppel is appropriate only in absence of contract).