510 So.2d 612 (1987)
The STATE of Florida, Appellant,
v.
Ronald HOWARD, Appellee.
No. 86-2686.
District Court of Appeal of Florida, Third District.
June 23, 1987.
Rehearing Denied August 19, 1987.
Robert A. Butterworth, Atty. Gen., and Terry L. Redford and Nancy Wear, Asst. Attys. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Harvey J. Sepler, Asst. Public Defender, for appellee.
Before BARKDULL, NESBITT, and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
Howard was charged with driving while under the influence, pursuant to section 316.193, Florida Statutes (1985), for riding a bicycle while he was allegedly intoxicated. He moved to dismiss the charge, contending that section 316.193 does not apply to bicycle riders. The county court, in and for Monroe County, granted Howard's motion to dismiss and certified the following question to us as one of great public importance:
DOES FLORIDA'S DRIVING UNDER THE INFLUENCE (DUI) STATUTE, § 316.193, APPLY TO BICYCLISTS?
We accept jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(4)(A), answer the certified question in the affirmative, and reverse the trial court's order dismissing the charge against Howard.
Section 316.193 provides in pertinent part:
(1) A person is guilty of the offense of driving under the influence and is subject to punishment as provided in subsection (2) if such person is driving or in actual physical control of a vehicle within this state and:
(a) The person is under the influence of alcoholic beverages, any chemical substance set forth in § 877.111, or any substance controlled under chapter 893, when affected to the extent that his normal faculties are impaired; or
(b) The person has a blood alcohol level of 0.10 percent or higher. (emphasis added)
This section contemplates applicability to all "vehicles" since it is not limited to "motor vehicles," as are many of the other statutes dealing with driving while under the influence. See § 316.1932-.1934, 322.261, *613 261, .28, Fla. Stat. (1985). Compare § 316.003(76), Fla. Stat. (1985) (defining a "vehicle") with § 316.003(21), Fla. Stat. (1985) (defining a "motor vehicle"). A "vehicle" is defined in section 316.003(76), Florida Statutes (1985), as:
[e]very device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks.
Under the Florida Statutes, a bicycle is defined as a vehicle. § 316.003(2).[1] Therefore, section 316.193, which applies to a person operating or controlling any vehicle, is applicable to a person operating a bicycle while under the influence.
Had the legislature intended to exclude bicyclists, it could have made section 316.193 applicable only to a "motor vehicle," as the statutory definition of a motor vehicle excludes bicycles, § 316.003(21), Fla. Stat. (1985).[2] Since the words used in the statute are clear, we must presume that the legislature meant what it said and purposely chose to make section 316.193 apply to all vehicles, rather than just "motor vehicles." Cf. State Farm Mut. Auto. Ins. Co. v. Kuhn, 374 So.2d 1079, 1080-81 (Fla. 3d DCA 1979) ("where words used and grammatical construction employed in a statute are clear and they convey a definite meaning, the legislature is presumed to have meant what it said and therefore, it is unnecessary to resort to the rules of statutory construction"), appeal dismissed, 383 So.2d 1197 (Fla. 1980).[3]
Since section 316.193 applies to all persons driving, or in actual physical control of, any "vehicle," and since a bicycle is a "vehicle" as defined in section 316.003(64), we find that section 316.193 applies to bicyclists. Accordingly, the order under review is
Reversed and remanded for further proceedings.
NOTES
[1] § 316.003(2) provides in pertinent part:

BICYCLE.  Every vehicle propelled solely by human power ..., upon which any person may ride, having two tandem wheels, and including any device generally recognized as a bicycle though equipped with two front or two rear wheels. (emphasis added)
[2] A "motor vehicle" is defined in section 316.003(21) as:

[a]ny vehicle which is self-propelled and every vehicle which is propelled by electric power obtained from overhead trolley wires, but not operated upon rails, but not including any bicycle or moped as defined in subsection (2). (emphasis added)
[3] Our decision is further supported by the fact that in 1983 the legislature amended the definition of a vehicle under section 316.003(64), by removing the specific exclusion of bicycles, thereby including them in the definition. See Ch. 83-68, § 1, Laws of Fla. Since that amendment, the legislature has passed four amendments to the DUI statute in question in the present case, section 316.193, see § 316.193, Fla. Stat. (Supp. 1986) (History  Ch. 84-359, § 1, Ch. 85-167, § 24, Ch. 85-337, § 2, Ch. 86-296, § 1), without changing its applicability to all vehicles. We must assume that the legislature's inaction in the face of its recent amendment to the definition of the term "vehicle" reflects an intention on its part to have section 316.193 apply to bicyclists. In fact, section 316.2065(1), Fla. Stat. (1985), states that

Every person propelling a vehicle by human power has all of the rights and all of the duties applicable to the driver of any other vehicle under this chapter, except as to special regulations in this chapter, and except as to provisions of this chapter which by their nature can have no application. (emphasis added).
Since section 316.193 does not fall within the limited exceptions listed in section 316.2065, it is the legislature's expressed intention that bicyclists be bound thereby.