## STATE OF CONNECTICUT *v.* CHARLES J. BURNS
## (15294)

Peters, C. J., and Borden, Norcott, Katz and Palmer, Js.

Argued November 30, 1995—decision released February 6, 1996

*James A. Killen*, assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Alfred Baldwin*, assistant state's attorney, for the appellant (state).

*Donald D. Dakers*, special public defender, with whom, on the brief, was *David B. Bachman*, special public defender, for the appellee (defendant).

PETERS, C. J. The sole issue in this certified appeal is whether General Statutes § 14-227a (h) (3),[1] which imposes enhanced penalties on a third time violator of the laws against the operation of a motor vehicle while under the influence of intoxicating liquor or drugs, is triggered by the occurrence of a third *violation* within

---

[1] General Statutes § 14-227a provides in relevant part: "Operation while under the influence of liquor or drug or while impaired by liquor. (a) Operation while under the influence. No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor or any drug or both if he operates a motor vehicle . . . (1) while under the influence of intoxicating liquor or any drug or both . . . .

"(h) Penalties for operation while under the influence. Any person who violates any provision of subsection (a) of this section shall . . . (3) for conviction of a third violation within five years after a prior conviction for the same offense, be fined not less than one thousand dollars nor more than four thousand dollars and imprisoned not more than two years, one hundred twenty consecutive days of which may not be suspended or reduced in any manner, and have his motor vehicle operator's license or nonresident operating privilege suspended for three years . . . ."

five years of a prior conviction, or by the occurrence of a third *conviction* within that five year period. The defendant, Charles J. Burns, was charged with operating a motor vehicle while under the influence of intoxicating liquor or drugs in violation of General Statutes § 14-227a (a) (1) and with being a third time offender of operating a motor vehicle while under the influence of intoxicating liquor or drugs in violation of § 14-227a (h) (3).[2] After a jury trial, the defendant was convicted of operating a motor vehicle while under the influence of intoxicating liquor or drugs. The trial court denied his subsequent motion to dismiss the charge of being a third time offender. The defendant then entered a plea of nolo contendere to that charge, conditioned on his right to take an appeal pursuant to General Statutes § 54-94a and Practice Book § 4003.[3]

---

[2] The state also charged the defendant with reckless driving in violation of General Statutes § 14-222 (a). The defendant pleaded guilty to that charge and does not contest the validity of that conviction.

[3] General Statutes § 54-94a provides in relevant part: "Conditional nolo contendere plea. Appeal of denial of motion to suppress or dismiss. When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's . . . motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law. The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied . . . the motion to dismiss. A plea of nolo contendere by a defendant under this section shall not constitute a waiver by the defendant of nonjurisdictional defects in the criminal prosecution."

Practice Book § 4003 provides in relevant part: "Appeals of Rulings on Motions to Dismiss or Suppress Following Judgments Entered Upon Conditional Pleas of Nolo Contendere

"(a) When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's . . . motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law. The issue to be considered in such appeal shall be limited to whether it was proper for the court to have denied . . . the motion to dismiss. A plea of nolo contendere by a defendant under this section shall not constitute a waiver by the defendant of nonjurisdictional defects in the criminal prosecution. The court shall . . . decline to accept such a nolo contendere plea where the record available for review of the denial of the . . . motion to

The Appellate Court reversed the judgment of the trial court. *State* v. *Burns*, 38 Conn. App. 8, 658 A.2d 163 (1995). We granted the state's petition for certification, limited to the issue of whether a third conviction, as opposed to a third violation, must occur within the five year period set forth in § 14-227a (h) in order to apply the third time offender penalty in that provision.[4] We reverse the judgment of the Appellate Court.

As the Appellate Court observed, "[t]he facts underlying this appeal are not in dispute. On July 20, 1993, the defendant was arrested and charged with reckless driving and operating a motor vehicle while under the influence of liquor or drugs. On March 1, 1994, the state filed an amended second part of the information, charging the defendant as a third time offender subject to the enhanced penalties of § 14-227a (h) (3).

"On March 14, 1994, a jury found the defendant guilty of operating a motor vehicle while under the influence of liquor or drugs. The defendant moved to dismiss the amended second part of the information against him on March 23, 1994. In support of this motion, the defendant alleged that his prior convictions occurred on October 13 and 28, 1988, and that both convictions, therefore, had occurred more than five years before his present conviction." Id., 10–11.

The trial court denied the defendant's motion to dismiss because it construed § 14-227a (h) (3) to impose enhanced penalties whenever a third violation, rather than a third conviction, occurs within the five year period. Finding no ambiguity in the statutory language,

dismiss is inadequate for appellate review of the court's determination thereof."

[4] We granted the state's petition for certification to appeal, limited to the following issue: "Under General Statutes § 14-227a (h) (3), is the five year period measured from the date of the prior conviction to the date of the current conviction, or from the date of the prior conviction to the date of the current violation?" *State* v. *Burns*, 234 Conn. 918, 661 A.2d 96 (1995).

the trial court reasoned that interpreting the five year period as running to the date of a third conviction would be inconsistent with the statute's legislative history and would lead to bizarre consequences that the legislature could not have intended. The Appellate Court concluded to the contrary on the basis of its determination that § 14-227a (h) (3) "expressly and unambiguously . . . requires the five year period to run from conviction to conviction." Id., 12. We granted the state's petition for certification to resolve this important issue of statutory construction.

The state claims that the language of § 14-227a (h) (3) unambiguously indicates that a third violation must occur within five years of a prior conviction. In the alternative, the state claims that, if we were to conclude that the statutory language is ambiguous, then the legislative history of § 14-227a (h) (3) supports its interpretation and an alternate construction of the statute would lead to bizarre results that the legislature could not have intended.

The defendant claims, to the contrary, that the language of § 14-227a (h) (3) unambiguously indicates that a third conviction must occur within the five year period. In the alternative, the defendant claims that if we were to conclude that § 14-227a (h) (3) is ambiguous, then the rule of lenity would require us to interpret the statute in his favor. We agree with the state.

Our interpretation of § 14-227a (h) (3) "is guided by well established principles of statutory construction. Statutory construction is a question of law and therefore our review is plenary. . . . [O]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement,

and to its relationship to existing legislation and common law principles governing the same general subject matter." (Citations omitted; internal quotation marks omitted.) *State* v. *Spears*, 234 Conn. 78, 86–87, 662 A.2d 80 (1995); *Murchison* v. *Civil Service Commission*, 234 Conn. 35, 45, 660 A.2d 850 (1995); *State* v. *Metz*, 230 Conn. 400, 409, 645 A.2d 965 (1994). If "a statute is capable of two constructions, one that is rational and effective in accomplishing the evident legislative object, and the other leading to 'bizarre results' destructive of that purpose, the former should prevail." *State* v. *Williams*, 206 Conn. 203, 210, 536 A.2d 583 (1988). Nonetheless, "unless a contrary interpretation would frustrate an evident legislative intent, criminal statutes are governed by the fundamental principle that such statutes are strictly construed against the state." *State* v. *Ross*, 230 Conn. 183, 200, 646 A.2d 1318 (1994), cert. denied,      U.S.      , 115 S. Ct. 1133, 130 L. Ed. 2d 1095 (1995); see *State* v. *Anderson*, 227 Conn. 518, 527, 631 A.2d 1149 (1993); *State* v. *Russell*, 218 Conn. 273, 278, 588 A.2d 1376 (1991).

After reviewing the language of § 14-227a (h) (3), we conclude that the statute does not unambiguously dictate whether the five year period that is the predicate for an enhanced penalty runs from a prior conviction to a third violation or from a prior conviction to a third conviction. The relevant statutory language provides such an enhanced penalty "for conviction of a third violation within five years after a prior conviction for the same offense . . . ." The problem arises out of the latent ambiguity in the phrase "for conviction of a third violation." If emphasis is placed on the word "conviction," then the defendant's contention that the period runs from conviction to conviction appears plausible. If emphasis is placed on the word "violation," however, the state's contention appears plausible.

This latent ambiguity in the statute cannot readily be resolved by recourse to established rules of English grammar and statutory construction. These rules indicate that a modifier is presumed to modify the term immediately preceding it. See *LaProvidenza* v. *State Employees' Retirement Commission,* 178 Conn. 23, 27, 420 A.2d 905 (1979); 2A J. Sutherland, Statutory Construction (5th Ed. 1992) § 47.33. On the one hand, the modifying phrase "within five years after a prior conviction" appears to modify the term immediately preceding it, "violation." This analysis suggests that the relevant period runs from a prior conviction to a third violation. On the other hand, the phrase "of a third violation" modifies the term immediately preceding it, or "conviction." The latter analysis suggests that a third conviction must occur within the relevant five year period.

Unable to derive guidance from the plain language of § 14-227a (h) (3), we must look to other tools of statutory interpretation to inform our analysis of the proper construction of the statute. These tools include an inquiry into the legislative history of a statute and into the purpose the statute was designed to further. With respect to the statute before us, the legislative history is not illuminating,[5] but the legislature's purpose

---

[5] None of the legislators who commented on § 14-227a (h) (3) specifically addressed whether the enhanced penalties were intended to be triggered by a third violation or by a third conviction within the five year period. The general comments of the legislators regarding Public Acts 1985, No. 85-387, which amended § 14-227a in 1985 to incorporate the language at issue in this appeal, were linguistically inconsistent. The legislators alternately described the amendment as imposing additional penalties when a third offense, third conviction or third violation occurs. Representative Thomas J. Dudchik described the legislation as "increas[ing] the mandatory jail sentence for a second and third *offense.*" (Emphasis added.) 28 H.R. Proc., Pt. 19, 1985 Sess., p. 7029. Representative Richard D. Tulisano indicated that this statute determined that "a second offender . . . will be one who commits a *violation* within five years of a prior conviction, so it's a five year limitation on the second offender status." (Emphasis added.) 28 H.R. Proc., Pt. 19, 1985 Sess., p. 7039. Tulisano later indicated that this legislation would conform Connecticut law with federal law so that "any person *con-*

in undertaking its enactment requires the conclusion that the relevant period runs to a third *violation*. "To determine legislative intent, it is often useful to examine the title of a proposed bill . . . and the purpose the legislature intended to accomplish by its enactment. . . . Significantly, Public Acts 1985, No. 85-387, which amended § 14-227a in 1985 to incorporate the language at issue in this case, was entitled 'An Act Increasing Imprisonment Penalties for Drunk Driving to Meet the Federal Standards.' . . . [T]his provision was part of a statutory package that enhanced mandatory minimum sentences for both first and multiple offenders and increased penalties for each successive offense. In enacting Public Acts 1985, No. 85-387 so as to amend § 14-227a, the legislature clearly intended to provide harsher penalties for offenders with a history of driving while under the influence" of intoxicating liquor or drugs and to harmonize our law with federal standards.[6] (Citations omitted; internal quotation marks omitted.) *State* v. *Mattioli*, 210 Conn. 573, 577–78, 556 A.2d 584 (1989);[7] see 28 S. Proc., Pt. 12, 1985 Sess., p. 3948, remarks of Senator Richard B. Johnston; 28 H.R. Proc., Pt. 19, 1985 Sess., p. 7029, remarks of Representative Thomas J. Dudchik.

---

*victed* of a second violation of driving under the influence of alcohol within five years after the conviction for the same offense" would be a second offender. (Emphasis added.) Id., p. 7040. Senator Richard B. Johnston stated: "[S]econd, third, or subsequent *convictions* which occur within the first five years of the first conviction would subject a person to increased penalties." (Emphasis added.) 28 S. Proc., Pt. 12, 1985 Sess., p. 3948.

[6] Although 23 U.S.C. § 408 (e) encourages states to adopt statutes similar to the one adopted by Connecticut and codified as § 14-227a (h) (3), our research revealed no cases from other jurisdictions addressing the issue raised in this appeal.

[7] In *State* v. *Mattioli*, supra, 210 Conn. 575, we concluded that the enhanced penalties provided by § 14-227a (h) apply to the third conviction of a defendant even if only one of the two prior convictions occurred within five years of the third conviction or violation. We, however, expressly did not determine whether the five year period runs from conviction to violation or conviction to conviction. Id., 577 n.3.

Because the legislature's overall goal in enacting § 14-227a (h) (3) was unambiguous, we are persuaded that the phrase "for conviction of a third violation within five years after a prior conviction for the same offense . . ." can reasonably be construed only as imposing enhanced penalties on those whose third violation of § 14-227a (a) occurs within the five year period, regardless of when that conviction occurs. In enacting § 14-227a (h) (3), the legislature sought to deter dangerous conduct, not to influence the timing of a subsequent conviction arising from such conduct. An interpretation of § 14-227a (h) (3) that focuses on the time of conviction rather than the time of violation could have bizarre and ineffective consequences.[8] If eligibility for the enhanced penalty were to depend upon the timing of conviction, then two offenders who were arrested on the same day for their third offense and who previously on the same dates had been convicted twice before of operating a motor vehicle while under the influence of intoxicating liquor or drugs could be subject to disparate penalties if one of the offenders were successful in strategically jockeying for a delay in his trial. Presumably, the legislature did not intend to invite such manipulation of the judicial docket. It is reasonable for us to construe the statute to avoid such an undesirable interpretation.

Finally, we reject the defendant's contention that our interpretation of § 14-227a (h) (3) is untenable because it would violate the rule of lenity. "Although we recognize the fundamental principle that criminal statutes are to be construed strictly, it is equally fundamental that the rule of strict construction does not require an

---

[8] The defendant argues that the legislature intended the five year period to run from conviction to conviction in order to provide a bright line rule. Although we agree that the legislature intended to provide a bright line rule, that does not inform us whether the legislature preferred the date of the violation or the date of the conviction to serve as that bright line.

interpretation which frustrates an evident legislative intent. . . . Moreover, there is a presumption that the legislature intends to accomplish a reasonable and rational result rather than a difficult and possibly bizarre one." (Citations omitted; internal quotation marks omitted.) *State* v. *Dolphin*, 203 Conn. 506, 523–24, 525 A.2d 509 (1987); see *State* v. *Hinton*, 227 Conn. 301, 317–18, 630 A.2d 593 (1993); *State* v. *Chicano*, 216 Conn. 699, 719–20, 584 A.2d 425 (1990), cert. denied, 501 U.S. 1254, 111 S. Ct. 2898, 115 L. Ed. 2d 1062 (1991). As we have already noted, the defendant's interpretation of § 14-227a (h) (3) would have the irrational and unintended result of imposing enhanced penalties, for repeated operation of a motor vehicle while under the influence of intoxicating liquor or drugs, not by reference to the date of the defendant's third such misconduct, but by reference to the fortuitous date of his third conviction. We have not previously applied the principle of lenity in such circumstances, and we decline to do so today.

The judgment of the Appellate Court is reversed, and the case is remanded to that court with direction to affirm the judgment of the trial court.

In this opinion the other justices concurred.